IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREG MARQUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-02243-N |
| | § | |
| SOUTHERN FOODS GROUP, L.L.C., | § | |
| d/b/a SCHEPPS DAIRY, | § | |
| | § | |
| Defendants. | § | |

# **ORDER**

This Order addresses Plaintiff Greg Marquez's ("Marquez") emergency motion to remand and for sanctions [4]. The Court finds that ERISA does not preempt Marquez's claims and therefore grants Marquez's motion to remand. However, the Court declines to sanction Defendants Southern Foods Group, L.L.C. d/b/a Schepps Dairy ("Southern Foods") for improper removal.

## I. ORIGINS OF MARQUEZ'S REMAND REQUEST

This case concerns an on-the-job injury. On June 15, 2009, Marquez, a dairy delivery driver, suffered an accident at work that caused a compound fracture of his right wrist. Marquez sued his employer, Southern Foods, for negligence in Dallas County Court on October 13, 2010. The state court set trial for September 14, 2011.

At the time of the injury, Southern Foods was a nonsubscriber under the Texas Worker's Compensation Act. Instead, Southern Foods provided benefits for work-related injuries to employees under the "Southern Foods Group, LLC Voluntary Employee Injury

ORDER – PAGE 1

Benefits Plan" (the "Plan").  Southern Foods states that the Plan is an employee welfare benefit plan governed by the Employment Retirement Income Security Act of 1971, as amended, 29 U.S.C. § 1001, *et. seq.* ("ERISA").  Def.'s Notice Removal 2 [1].

On July 26, 2011, Marquez's physician released him to return to work on light duty. Marquez alleges that when he returned to work, his supervisors ordered him to perform tasks that violated his doctor's orders, putting him at risk for further injury.  Pl.'s Emergency Mot. Remand 2.  Marquez thus applied for a temporary restraining order, temporary injunction, and permanent injunction (the "Application") in state court on August 22, 2011 seeking to prevent Southern Foods from requiring him to perform certain activities.  The state court denied Marquez's request for a temporary restraining order after a hearing.

On August 30, 2011, Southern Foods removed the case to federal court.  In its Notice of Removal, Southern Foods alleged that Marquez's Application raises a federal question – namely, that ERISA governs Marquez's claims under the Application.[1]  Def.'s Notice Removal 6-7.  Southern Foods explained that since it provides benefits for work-related injuries under the Plan,[2] Marquez's Application actually presents a claim that supervisors retaliated against him under ERISA when they directed him to perform tasks against doctor's restrictions, and that Marquez's Application thus sought injunctive relief under ERISA's civil

---

[1]Southern Foods concedes that Marquez's Original and Amended Petitions contained only state law negligence claims not subject to removal under ERISA, *see e.g.*, *McAteer v. Silverleaf Resorts, Inc.*, 514 F.3d 411 (5th Cir. 2008); *Hook v. Morrison Milling Co.*, 38 F.3d 776 (5th Cir. 1994), and did not seek removal based on these pleadings.  Def.'s Resp. 12.

[2]Specifically, Southern Foods states that the Plan's terms and conditions include a condition that "a participant must return to work upon receipt of release to return to restricted duty work by an Approved Medical Provider."  Def.'s Notice Removal 3.

ORDER – PAGE 2

enforcement provisions. *Id.* at 4-7.

Marquez now moves for remand and sanctions, claiming that (1) Southern Foods removed the case solely to disturb the trial setting after the state court denied Southern Foods' motion to strike Marquez's expert on August 30, 2011, (2) all of Marquez's claims under both his Petition and the Application arise under state law, and (3) the Court should therefore sanction Southern Foods for fraudulent removal pursuant to Federal Rule of Civil Procedure 11.

## II. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE CASE AND MUST REMAND

### A. Removal Standard and ERISA Preemption

A defendant may remove a state court action to federal court only if the action originally could have been brought in federal court. 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing federal jurisdiction. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998); *Quality Ins. Care, Inc. v. Humana Health Plan of Tex.*, 290 Fed.App'x. 671, 676 (5th Cir. (Tex.) 2008). "Because removal raises significant federalism concerns," however, "the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). A district court must remand a case if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

In this case, Southern Foods removed on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, alleging that ERISA preempts the state law claims in

ORDER – PAGE 3

Marquez's Application. Ordinarily, "[r]emoval is not possible unless the plaintiff's 'well pleaded complaint' [or motion][3] raises issues of federal law sufficient to support federal question jurisdiction."[4] *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993) (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908)). However, a defendant can remove a state law claim "'when a federal statute wholly displaces the state-law cause of action through complete pre-emption,'" as may be the case under ERISA. *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003)).

There are two types of ERISA preemption at issue in removal cases. First, ERISA supercedes "any and all State laws insofar as they . . . relate to any employee benefit plan." 29 U.S.C. § 1144(a). This "conflict preemption" displaces state law, but does not give rise to removal under federal question jurisdiction. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999) ("Rather than transmogrifying a state cause of action into a federal one – as occurs with complete preemption – conflict preemption serves as a defense to a state action [in state court]."). Alternatively, ERISA completely preempts state law claims that seek relief within the scope of ERISA's civil enforcement provision, and a court

---

[3]While, consistent with the well-pleaded complaint rule, removal is usually based on the original pleadings in a case, a defendant may later remove a case to federal court after receipt of "a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b), as Southern Foods alleges is the case with Marquez's Application here.

[4]Under the well-pleaded complaint rule, "the court will look past the words in the [pleading or motion] to the substance of the claim alleged." *Rozell v. Sec. Servs.*, 38 F.3d 819, 822 (5th Cir. 1994) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1 (1983)).

should recast these claims under the well-pleaded complaint rule as claims arising under federal law. *Id.*; *see* 29 U.S.C. § 1132(a); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 60, 66-67 (1987). A defendant may remove such "federal" claims to federal court. *Giles*, 172 F.3d at 337.

Here, Southern Foods argues for removal based on "complete preemption" under ERISA's civil enforcement provision. ERISA's civil enforcement provision allows a plan beneficiary to bring suit (1) under section 502(a)(1)(B) to "recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," 29 U.S.C. § 1132(a)(1)(B), or (2) under section 502(a)(3) to "enjoin any act or practice which violates any provision of this title or the terms of the plan . . . [or] obtain other appropriate equitable relief to redress such violations or to enforce any provisions of this title or the terms of the plan," 29 U.S.C. § 1132(a)(3).

### B. Marquez's Application Does Not Seek to Enforce the Plan Under ERISA

Southern Foods makes two allegations regarding Marquez's Application and ERISA. It first alleges that the Application seeks to enforce Marquez's "rights to have his doctor's restrictions properly interpreted and enforced pursuant to the terms of the Plan" under ERISA's § 502(a)(1)(B) civil enforcement provision. Def.'s Resp. 17. Southern Foods also contends that Marquez's Application seeks to prevent Southern Foods from violating ERISA

§ 510[5] by interfering with Marquez's "right[] . . . to be placed back on work with doctor's restrictions" under the Plan and retaliating against Marquez for enforcing this "right."[6] Def.'s Resp. 13.

However, under the well-pleaded complaint rule, Marquez's Application neither sought to enforce any right pursuant to the Plan nor alleged any sort of retaliation or interference under the Plan. Rather, it is clear from Marquez's Application that he only sought to prevent further bodily injury to himself.[7] In *Rozzell v. Security Services.*, 38 F.3d 819, 822 (5th Cir. 1994), the Fifth Circuit refused a similar attempt by defendants to re-characterize the plaintiff's complaint – alleging retaliatory discharge for filing a worker's compensation claim – as a claim for benefits under ERISA. The court found that the plaintiff only included the word "benefits" in his complaint in order to "punctuate [the] wrongful conduct" inherent in his retaliatory discharge claim, and the court held that the substance of the plaintiff's well-pleaded claim involved solely a state law cause of action. *Id.*; *see also Children's Hosp. Corp. v. Kindercare Learning Ctrs., Inc.*, 360 F. Supp. 2d 202 (D. Mass.

---

[5]Section 510 makes it unlawful to "discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under [the plan] . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . ." 29 U.S.C. § 1140. Southern Foods contends that a beneficiary may enforce this provision through section 502(a)(3). Def.'s Resp. 13.

[6]The Court need not decide whether this "right" itself falls within either the Plan or ERISA's civil enforcement provision.

[7]Marquez's Application states: "The acts and conduct of [Southern Foods'] management employees, namely Richard Brown and Chris Walsh, have caused and will continue to cause plaintiff [sic] irreparable injury unless defendant is enjoined from fording Plaintiff to violate his physician's work restrictions at the risk of imminent physical harm to Plaintiff." Pl.'s Application 3 [1-65].

2005) (explaining that the plaintiff did not engage in artful pleading to get around ERISA; instead, "the fact that Children's Hospital could have sued [under ERISA] is not the test for complete preemption. As a master of its own complaint, Children's Hospital had the right to assert independent causes of action . . . ." (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987); *Baylor Univ. Med. Ctr. v. Epoch Group, L.C.*, 340 F.Supp.2d 749, 759 (N.D. Tex. 2004) (Fish, C.J.))); *cf. Davila*, 542 U.S. at 210 ("[I]f an individual . . . could have brought his claim under ERISA § 502(a)(1)(B), and *where there is no other independent legal duty that is implicated by a defendant's actions*, then the individual's cause of action is completely preempted by ERISA § 502(a)(1)(B)." (emphasis added)).

Similarly, the Court cannot reach beyond Marquez's well-pleaded motion here – a motion that in no way refers to or invokes the Plan under ERISA – and transform it into one containing federal claims.[8] Accordingly, Marquez's Application does not "arise under" ERISA for the purposes of section 1331, and the Court therefore orders remand.

### III. SOUTHERN FOODS' REMOVAL DOES NOT

---

[8]Southern Foods also points out that it has two roles with respect to its employees: that of employer and that of Plan administrator. Def's Resp. 4. It argues that Marquez's Application necessarily raised a claim against it in its Plan administrator capacity to enforce his "rights" under the Plan. *Id.* at 11-13. To determine whether ERISA's civil enforcement provision preempts an employee's claims, the Court inquires into whether the claims related to a company's role as administrator of an ERISA plan or simply to its role as employer. *See E.I. Dupont De Nemors & Co. v. Sawyer*, 517 F.3d 785, 798-99 (5th Cir. 2008) ("Crucial to the question whether the employees in this case could have brought an [ERISA fiduciary suit] is whether their claims related to [the company's] role as administrator of an ERISA plan or simply to its role as employer."). Here, Marquez's Application did not make claims against Southern Foods or its supervisors within the context of Plan administration. Marquez's application sought only to prevent Southern Foods, as Marquez's employer, from assigning certain work to him to prevent bodily injury, not pursuant to any Plan administration.

## WARRANT ATTORNEYS' FEES OR SANCTIONS

28 U.S.C. § 1447(c) permits an award of "just costs and any actual expenses, including attorney fees, incurred as a result of improper removal." A court has considerable discretion regarding attorney fee awards in removal cases. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). To determine whether to award fees for improper removal, a court should inquire into "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time the defendant removed the case; a defendant's motive for removal is irrelevant. *Id.*; *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("[W]hen an objectively reasonable basis [for removal] exists, fees should be denied." (citing *Valdes*, 199 F.3d at 292)).

In addition to attorneys' fees, a court may impose sanctions on a defendant for improper removal under Federal Rule of Civil Procedure 11 which provides that, by presenting to the court a motion or "other paper," an attorney certifies he has read the motion or paper and,

> to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[,] [and] the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

FED. R. CIV. P. 11.[9]

---

[9] The Court notes that pursuant to the Rule, "[a] motion for sanctions must be made separately from any other motion . . . .," and "[t]he motion must be served . . . , but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention,

ORDER – PAGE 8

Marquez asks the Court to award attorneys' fees and impose Rule 11 sanctions against Southern Foods because Southern Foods' basis for removal – ERISA preemption – is "implausible and unreasonable." Pl.'s Br. Supp. Mot. Remand 6. Marquez also alleges that Southern Foods improperly removed the case solely to delay the upcoming state court trial in violation of Rule 11 after the state court issued an adverse decision regarding a witness. *Id.*

However, the Court declines to award attorneys' fees or impose sanctions. After surveying federal law relating to ERISA litigation, the Court finds that Southern Foods' preemption argument is objectively reasonable. Southern Foods had a plausible basis for seeking clarification of the law and creating or extending the law in this Circuit based on the facts of this particular case. Additionally, Southern Foods timely removed the case prior to trial in state court. *See* 28 U.S.C. § 1446(b) (stating that a defendant may remove within 30 days of receipt of a pleading, motion, or other paper raising federal jurisdiction). Thus, the Court declines to award Marquez attorneys' fees or sanction Southern Foods.[10]

---

or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." FED. R. CIV. P. 11(c)(2). Therefore, Marquez improperly filed his motion for sanctions. Despite this procedural error, however, the Court addresses Marquez's motion here.

[10]Marquez relies on *Doe v. Episcopal Sch. of Dallas, Inc.*, 3:11-cv-1058-L, 2011 WL 2601506 (N.D. Tex. 2011) (Lindsay, J.), in support of his motion for attorney fees. However, Marquez's comparison to *Doe* is inapposite. In *Doe*, this Court denied defendant's claims with "well-established precedent of the Supreme Court and Fifth Circuit regarding the jurisdiction of federal courts; and no novel theories of law were advanced . . . that would reasonably justify an expansion of existing precedent." *Id.* at *8. In this case, the Court finds no clear ERISA precedent from either the Supreme Court or the Fifth Circuit regarding Southern Foods' specific arguments for removal.

In support of his Rule 11 motion, Marquez cites *Davis v. Veslan Enters.*, 765 F.2d

## CONCLUSION

The Court finds that ERISA does not completely preempt Marquez's well-pleaded Application and therefore grants Marquez's motion to remand to state court. However, because the Court finds that Southern Foods had a plausible basis for removing the case, it denies Marquez's motion for attorneys' fees and sanctions.

Signed December 1, 2011.

_____
David C. Godbey
United States District Judge

---

494, 500 (5th Cir. 1985). However, his reliance on this case is also misplaced. In *Davis*, the Fifth Circuit upheld sanctions against a defendant who removed a case after a lengthy three week jury trial and stood to gain a significant financial benefit from delaying entry of the judgment. *Id.* Here, Southern Foods removed the case prior to trial in state court.

ORDER – PAGE 10